# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **EULA CYNTHIA WARE,** | : | |
| **Plaintiff,** | : | |
| vs. | : | **CIVIL ACTION 05-0190-WS-L** |
| **THELMA L. CARLISLE,** | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a petition under 42 U.S.C. § 1983 (Doc. 1).  This action, which has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 72.2(c)(4), is presently before the Court on plaintiff's failure to prosecute and to obey the Court's order.

Plaintiff filed the instant complaint on or about March 25, 2005 alleging, in sum, that the defendant "[plaintiff's] sister has gone out of control in her pursuit of domination in world affairs to the extent of involving the Plaintiff in female prostitution and sex trafficking across state lines."  (Doc. 1)  Plaintiff failed to pay the filing fee or submit a motion to proceed without prepayment of fees along with her complaint.  On March 30, 2005, the Court ordered plaintiff to pay the $250.00 filing fee or file a motion to proceed in forma pauperis on or before April 28, 2005. (Doc. 2) [1]  On April 20, 2005

---

[1] The docket sheet reflects that the clerk forwarded plaintiff a form to request in forma pauperis status, along with a copy of the court's order.  (Doc. 2) The order was not returned to the court as undeliverable for any reason.

plaintiff filed a notice of change of address along with a request for a Court form to proceed without prepayment of fees.  (Doc. 3)  In response to the plaintiff's request, the clerk forwarded a second in forma pauperis form to plaintiff at her new address.  The mail was not returned as undeliverable and plaintiff failed to respond in any manner.

On June 8, 2005, in an abundance of caution, the Court entered a second order directing plaintiff to pay the $250.00 filing fee or file a motion to proceed without prepayment of fees on or before July 7, 2005.  (Doc. 4)  The Court directed the clerk to forward plaintiff *another* form to proceed in forma pauperis.  (Id.)  Plaintiff was again warned that the failure to comply with the order within the prescribed time would result in a recommendation of dismissal of this action.  The Court imposed deadline has now passed and plaintiff has not paid the filing fee, nor has she otherwise responded to the Court's order.

Due to plaintiff's failure to comply with the Court's order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  See Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord

Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this 12th day of July 2005.

/s/ Kristi D. Lee
**KRISTI D. LEE**
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

               **KRISTI D. LEE**
               **UNITED STATES MAGISTRATE JUDGE**